UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------
UNITED STATES OF AMERICA           :
                                   :
                                   :  CRIMINAL NO. 2:11 cr 562-1 (DMC)
v.                                 :
                                   :
                                   :
ISADORE H. MAY,                    :
                                   :
                                   :
          Defendant.               :
------------------------------------

GOVERNMENT'S UNOPPOSED MOTION TO AUTHORIZE ALTERNATIVE
VICTIM NOTIFICATION PROCEEDURES PURSUANT TO 18 U.S.C. § 3771(d)(2)

The United States of America, by and through the undersigned attorneys for the Department of Justice, pursuant to 18 U.S.C. § 3771(d)(2), respectfully moves this Court for an order adopting a "reasonable procedure" for providing notice to "crime victims" as provided for under the Crime Victims' Rights Act, 18 U.S.C. § 3771. Counsel for Defendant Isadore H. May has represented to the Government that he does not oppose this motion.

The Act, as amended in 2004, requires that the Department of Justice use its "best efforts" to see that "crime victims" are notified of and accorded rights as described in 18 U.S.C. § 3771(c)(1). The Act defines "crime victim" as "a person directly or proximately harmed as a result of the commission of a Federal offense ...." 18 U.S.C. § 3771(e).

The rights of a crime victim under the Act include the "right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused." 18 U.S.C. § 3771(a)(2).

Where the court finds that the number of crime victims make it "impracticable" to accord all of the crime victims the rights in Section 3771(a), the court "shall fashion a reasonable procedure" to give effect to the Act that does not "unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

In the instant case, the Government submits that the number of crime victims directly and proximately harmed by the alleged conspiracy, as well as the factual circumstances that preclude identifying and locating all possible crime victims, would make it impracticable for the Government to provide to each victim individual notices about every public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused.

The charged conspiracy consisted of an agreement, understanding and concert of action among the Defendant and co-conspirators, the substantial terms of which were to rig bids for tax liens auctioned by municipalities within the District of New Jersey. The crime victims include the individual owners whose property was subject to a tax lien which was allocated at a rigged auction. Identifying and locating individual property owners who may be victims of the conspiracy could be extremely burdensome. New Jersey has 566 municipalities, each of which conducts its own tax lien auction. The number of liens available at each auction range from as few as 10 liens in smaller municipalities, to over 1000 in larger cities. Because the conspiracy in this case existed for a number of years and involved sales held by the vast majority of the 566 municipalities throughout New Jersey, there are a substantial number of liens that were subject to the conspiracy. Accordingly, there are a great many property owners who may be crime victims, making individual notice impractical. The identification of individual

victims is also difficult. In some cases the property owners may have died, leaving heirs who may be located for the purposes of notification only after considerable effort. In other instances, the property subject to the tax lien sold pursuant to the conspiracy may have been foreclosed upon, and the property owners may have moved to other locations. Given the dated nature of the addresses the Government has for some of the potential victims, routine notification procedures, such as letters, could be largely unsuccessful.

Accordingly, the Government respectfully requests that this Court adopt a "reasonable procedure" for providing notice to crime victims in this case. 18 U.S.C. § 3771(d)(2). Specifically, the Government proposes that for any proceeding requiring victim notice under 18 U.S.C. § 3772(a)(2), the Government will provide reasonable notice of the proceeding on the Internet, at a publically accessible website for the Antitrust Division, http://www.justice.gov/atr. The information regarding any public proceeding in this matter will be timely posted on a specified page on the Antitrust Division's website, which is accessed by going to http://www.justice.gov/atr/victim/vrhearings.htm and clicking on the link entitled "New Jersey Tax Liens." To notify potential property owner victims, the Government will issue a widely distributed press release which contains the information necessary to directly contact attorneys responsible for this matter in order to obtain up-to-date case schedule information, as well as information directing potential property owner victims to the Antitrust Division's website. These steps accomplish the purpose of the Act with respect to reasonable notice to crime victims, without unduly complicating or prolonging the proceedings. 18 U.S.C. § 3771(d)(2).

A proposed order is attached to this motion.

Dated: August 22, 2011
       New York, New York

                                        Respectfully submitted,

                                        /s/ Debra C. Brookes
                                        DEBRA C. BROOKES
                                        CHARLES V. REILLY
                                        BRYAN C. BUGHMAN
                                        Attorneys, Antitrust Division
                                        U.S. Department of Justice
                                        26 Federal Plaza, Room 3630
                                        New York, NY 10278
                                        (212) 335-8029